**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2570-19

U.S. BANK NATIONAL
ASSOCIATION, AS INDENTURE
TRUSTEE ON BEHALF OF AND
WITH RESPECT TO AJAX
MORTGAGE LOAN TRUST
2015-C, MORTGAGE-BACKED
NOTES, SERIES 2015-C,

      Plaintiff-Respondent,

v.

KENNETH D. DWYER and
CATHERINE T. DWYER,

      Defendants-Appellants.

_____

Submitted March 16, 2021 – Decided April 5, 2021

Before Judges Mawla and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-016353-17.

Kenneth D. Dwyer and Catherine T. Dwyer, appellants pro se.

Pluese, Becker, & Saltzman, LLC, attorneys for respondent (Stuart H. West, on the brief).

PER CURIAM

This residential foreclosure action returns to us following a remand directed by our previous opinion, <u>United States Bank Nat'l Ass'n v. Dwyer</u>, No. A-5882-17 (App. Div. Oct. 2, 2019) (slip op. at 2), where we retained jurisdiction and ordered the trial court to make additional findings as to whether plaintiff U.S. Bank National Association possessed standing to prosecute this foreclosure action against defendants Kenneth D. Dwyer and Catherine T. Dwyer. Having received and considered the trial court's December 6, 2019 and January 10, 2020 supplemental opinions, we affirm the March 2, 2018 order granting summary judgment in plaintiff's favor and the June 4, 2018 final judgment.

We incorporate by reference the factual and procedural history as set forth in our prior opinion. By way of background, defendants executed a $404,700 promissory note to Ameriquest Mortgage Company (Ameriquest). As security for repayment, defendants executed a mortgage to Ameriquest, encumbering their property in Brick Township.

The Ameriquest mortgage was assigned five times. Ameriquest assigned the mortgage to CitiMortgage, Inc., who thereafter assigned it to Bayview Loan

2

Servicing, LLC (Bayview Loan Servicing). Bayview Loan Servicing then assigned the mortgage to Bayview Dispositions, LLC, who assigned it to AJX Mortgage Trust I, three days later on July 13, 2015. Finally, on November 24, 2015, AJX Mortgage Trust I executed an assignment to plaintiff. Each assignment was duly recorded.

In addition to the aforementioned assignments, the summary judgment record established that on June 19, 2013, Bayview Loan Servicing informed defendants that the "mortgage loan" was transferred to U.S. Bank National Association, as trustee, in trust for the benefit of the holder of Bayview Opportunity Master Fund REMIC 2013-13NPL1 Beneficial Interest Certificates, Series 2013-13NPL1. In addition, on November 25, 2013, Bayview Loan Servicing advised defendants that the note and mortgage was transferred yet again to a separate entity, BOMF 2013-13NPL1 Corp., and that the "ownership transfer" took place on November 5, 2013. Finally, on November 17, 2014, Bayview Loan Servicing informed defendants that their loan was transferred to U.S. Bank National Association, as trustee, in trust for the benefit of the holder of Bayview Opportunity Master Fund Grantor Trust 2014-15PL1 Beneficial Interest Certificates, Series 2014-15RPL1, and this "ownership transfer" occurred on October 28, 2014. The aforementioned transfers by

3

Bayview Loan are hereinafter referred to as the "Bayview 2013 and 2014 loan transfers."

Defendants defaulted on the loan by failing to make the monthly payment due on February 1, 2017, and thereafter. Consequently, and in accordance with the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -68, plaintiff's representative sent defendants a notice of intention to foreclose. Shortly thereafter, plaintiff filed its foreclosure complaint and defendants filed a contesting answer with nineteen affirmative defenses.

Plaintiff filed a motion for summary judgment supported by a certification from Julia Rust, a litigation specialist, who was employed by Gregory Funding, LLC (Gregory), plaintiff's authorized representative and loan servicer. Rust certified that she attached true and correct copies of the note and mortgage to her certification along with defendants' loan modification agreement with Bayview Loan Servicing, the referenced assignments, and a copy of the payment history from the prior loan servicer, as well as the payment history when Gregory began servicing the loan for plaintiff. Based on that payment history, Rust stated that defendants remained in default under the note.

Rust also attested that the original note was in plaintiff's possession prior to the filing of the complaint. In this regard, she stated that the "original note

4

was sent to [plaintiff's] foreclosure counsel on or about September 8, 2017, and . . . foreclosure counsel remains in possession of the note." Plaintiff's foreclosure counsel also certified that his "office received . . . the original note . . . endorsed in blank . . . on September 11, 2017."

In their opposition and cross-motion, defendants argued that: 1) plaintiff lacked standing to prosecute the foreclosure because the summary judgment record did not include competent proof that it possessed the note the day the complaint was filed, and breaks in the chain of title caused by the Bayview 2013 and 2014 loan transfers made all subsequent assignments invalid; 2) plaintiff's motion was not supported by competent evidence as Rust based her certification on "unreliable" information; 3) defendants made the disputed mortgage payments and consequently were not in default; and 4) plaintiff improperly accelerated the note contrary to its express terms.

After considering the parties' oral arguments, the court granted plaintiff summary judgment and denied defendants' cross-motion in separate March 2, 2018 orders. In its oral decision, the court rejected defendants' standing argument finding plaintiff produced the original note and established "a chain of unbroken assignments which were recorded." Based on the Rust certification, the court concluded defendants did not "make the payments due on the

5

mortgage, and the matter remains in default." Finally, the court concluded defendants failed to raise a genuine or material factual question to dispute plaintiff's right to foreclose.

Plaintiff filed an unopposed motion for final judgment, which the court granted on June 4, 2018. Plaintiff's counsel submitted a certification stating that on April 11, 2018, he communicated with representatives of Gregory, who "reviewed . . . the original (or a true copy of) the [n]ote, [m]ortgage[,] and recorded assignments . . . submitted, . . . and confirmed their accuracy." Counsel also stated he inspected "the documents about to be filed" and acknowledged his obligation pursuant to Rule 1:4-8 "to amend [the] affidavit if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support for [the] factual assertion proffered by plaintiff in any court filings or documents in this case."

Significantly, as we noted in our earlier opinion, the note submitted in support of final judgment was not the same note to which Rust, and plaintiff's counsel attested, and to which plaintiff's counsel presented to the court and defendants for inspection. Rather, the note submitted in support of plaintiff's motion for final judgment was materially different as it contained two additional

alonges.[1] The first allonge showed that Bayview Loan Servicing endorsed the note to Bayview Dispositions, LLC. The second allonge indicated that Bayview Dispositions, LLC endorsed the note to AJX Mortgage Trust 1.

Defendants thereafter moved to vacate the final judgment. The court issued a July 6, 2018 order and accompanying oral decision denying defendants' motion.

Defendants appealed the March 2, June 4, and July 6, 2018 orders contesting plaintiff's standing, defendants' default, and plaintiff's attendant right to accelerate the note. Defendants also contended that the court committed error in refusing to vacate the final judgment asserting that the note and alonges that plaintiff submitted in support of final judgment "demonstrate[d] . . . fraud, and [that] there was no intent to transfer the mortgagee rights."

We concluded that a remand was "necessary solely to address the standing issues raised by defendants" but otherwise affirmed the trial court's orders. With respect to the question of plaintiff's standing to foreclosure, we held:

> Based on the competing notes submitted by plaintiff in support of its applications for summary judgment and final judgment, we are unable to determine on the current record if plaintiff properly possessed the note

---

[1] An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving . . . indorsements." Black's Law Dictionary 68 (9th ed. 2009).

prior to the filing of the foreclosure complaint. In addition, neither the summary judgment record nor the record in support of plaintiff's application for final judgment adequately address the issues raised by defendants regarding the Bayview 2013 and 2014 loan transfers.

. . . .

On remand, should plaintiff seek to establish standing based on possession of the note prior to the filing of the summary judgment complaint, it shall submit a certification fully compliant with Rule 1:6-6, and it shall address the inconsistency between the note submitted in support of summary judgment and that filed with its application for final judgment so that the trial court can make appropriate factual findings in the first instance. R. 1:7-4 . . . .

With respect to plaintiff's alternative standing argument that it possessed a valid assignment prior to the filing of the complaint, we likewise remand for the court to make additional factual findings that address the Bayview 2013 and 2014 loan transfers. On appeal, plaintiff states in conclusory fashion that "[t]here [was] no break in the chain of the [a]ssignments of [m]ortgage, and all of the [a]ssignments of [m]ortgage were properly executed, notarized and recorded. Any intermediate transfers of the loan that were not memorialized in an [a]ssignment of [m]ortgage[] are not relevant to the [plaintiff's] standing."

We are not satisfied that the trial record or the court's factual findings adequately explain those transfers, however. To the extent plaintiff relies on the five recorded assignments to establish standing, including the final November 24, 2015 assignment from AJX Mortgage Trust I, on remand plaintiff shall

8

detail the Bayview 2013 and 2014 loan transfers in greater detail to enable the trial judge, and any reviewing court, to determine if the subsequent assignments to Bayview Dispositions, AJX, and plaintiff are valid. We acknowledge case law questioning whether defendants have standing to challenge those transactions. . . . Without a clearer record and understanding as to the nature of those transactions, however, including whether they represent securitized mortgage loans governed by a Pooling and Servicing Agreement, we cannot resolve that legal issue. We also are unable to glean from the trial record the relationship, if any, those entities have with plaintiff.

In accordance with our instructions, on remand, plaintiff filed a motion to establish standing. In support, plaintiff's counsel provided a certification in which he stated that his office received the original note on September 11, 2017, from plaintiff's servicer and that an allonge included in the collateral file was endorsed in blank. He noted his office did not receive the allonges with respect to Bayview Dispositions, LLC and AJX Mortgage Trust I as they had been shredded.

Counsel's certification also attached a true copy of the recorded mortgage and the five recorded assignments originally attached in support of its motion for summary judgment. He also attached a true copy of the sheriff's deed transferring the property to plaintiff after its sale.

Significantly, counsel's certification also annexed the certification from David Briggs, the First Vice President of Bayview Loan Servicing. The Briggs certification explained that the Bayview 2013 and 2014 loan transfers were "internal transfer[s]" and that an assignment of mortgage was not generated because "Bayview remained involved as the servicer." Further, Briggs certified that the alonges with respect to Bayview Dispositions, LLC and AJX Mortgage Trust I "were created in error."

Plaintiff's counsel also attached a certification from Wan-I J. Lee, a litigation analyst from Gregory. Lee certified that Gregory received the original collateral file and note on April 10, 2017. Lee also certified the collateral file included the three referenced alonges but noted that as the two alonges with respect to Bayview Dispositions, LLC and AJX Mortgage Trust I "had been created in error, they were shredded." After Gregory received the collateral file, Lee certified that it was sent back to plaintiff's custodian of records but that once litigation commenced, Gregory received the collateral file again on September 7, 2017, and sent it to plaintiff's attorneys who remained in possession of the file and the note that was included therein.

In response to plaintiff's motion, defendants' filed a cross-motion to dismiss. Plaintiff opposed the cross-motion and submitted another certification

from counsel stating "[t]he additional two original but mistaken [a]llonges had been shredded and were never forwarded to [his] firm." Counsel further stated that "[w]hen the [m]otion for [f]inal [j]udgment was filed, copies of the two additional [a]llonges, which had been electronically received and stored in the firm's [software system], were inadvertently printed out and included with the [n]ote and one valid [a]llonge."

The court issued supplemental factual findings in accordance with our remand instructions on December 6, 2019. In its oral decision, the court concluded the assignments of mortgage represented a continuous chain of title and that plaintiff was the mortgagee of record as of February 17, 2016. As to the Bayview assignments, it found the Bayview 2013 and 2014 loan transfers did not require an assignment of mortgage because Bayview Loan Servicing "remained the servicer as the trust [and fund were] internal Bayview product[s]." The court also concluded plaintiff established standing to prosecute the foreclosure because it was the mortgagee of record when the complaint was filed on July 6, 2017, and it was in possession of the original note as of April 10, 2017, before the complaint was filed.

The court held a second motion hearing on January 10, 2020, to address defendants' application, which it noted was "not a cross-motion" but "an

application to dismiss." The court restated its previous factual and legal conclusions and noted defendants' motion was "inappropriate" because our opinion did not vacate the final judgment and the relief defendants requested was outside the scope of remand. The court denied defendants' motion in a January 10, 2020 order.

In its supplemental merits briefs before us, defendants contend the trial court did not "have any equitable powers to grant [p]laintiff's motion because it did not expunge the [s]heriff's [d]eed, and by not doing so, the foreclosure action was concluded." They further maintain the Bayview 2013 and 2014 loan transfers and alonges that were not with respect to Bayview Dispositions, LLC and AJX Mortgage Trust I are evidence of a "broken chain of title." Further, they suggest because Gregory, and not plaintiff, was in possession of the original note, plaintiff cannot establish standing. We disagree with all of these arguments.

First, defendants' jurisdictional challenge is meritless. The General Equity Part of the Chancery Division has jurisdiction to hear "[a]ctions in which the plaintiff's primary right or the principal relief sought is equitable in nature." R. 4:3-1(a)(1). The primary or principal relief in any foreclosure proceeding is equitable in nature and thus subject to the jurisdiction of the General Equity

12

Part.  See United States v. Scurry, 193 N.J. 492, 502 (2008) (citations omitted).

Further, we remanded this case for the court to resolve the narrow issue of whether plaintiff had standing to enforce the foreclosure action.  As such, the foreclosure action between plaintiff and defendants was ongoing and the trial court retained jurisdiction to hear the dispute.  The fact that the property proceeded to sheriff's sale clearly did not divest the court of jurisdiction.

Second, as we recognized in our October 2, 2019 opinion, standing may be established through "either possession of the note or an assignment of the mortgage that predated the original complaint." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012); see also N.J.S.A. 46:18-13(b)(1).  As the court correctly concluded, defendant possessed standing by both possessing the note prior to the filing of the foreclosure complaint as well as a valid assignment.  Specifically, plaintiff filed the complaint on July 6, 2017, and Lee certified Gregory, plaintiff's authorized representative and servicer, received the original note from plaintiff on April 10, 2017, sent it back to plaintiff, and then received it again on September 7, 2017, for purposes of litigation before sending it to plaintiff's attorneys.

Further, plaintiff produced valid assignments between the original mortgagee and itself.  We are satisfied from the record that the Bayview 2013

13

and 2014 loan transfers were internal Bayview products that did not require recorded assignments. As such, we are persuaded that the shredded allonges and the Bayview 2013 and 2014 loan transfers did not break the chain of title as defendants contend.

We therefore conclude plaintiff had standing to prosecute the foreclosure action. To the extent not addressed, defendants' remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(e).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2570-19